1  MAGGY M. ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:  310.553.0308
4  Facsimile:   310.553.5583

5  ALYSSA S. GJEDSTED, Bar No. 284588
   agjedsted@littler.com
6  LITTLER MENDELSON, P.C.
   633 West 5th Street
7  63rd Floor
   Los Angeles, CA  90071
8  Telephone:  213.443.4300
   Facsimile:   213.443.4299
9
   Attorneys for Defendants,
10 AMAZON.COM, INC., AMAZON.COM
   SERVICES, LLC,  AND AMAZON LOGISTICS,
11 INC.

12

13                  UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

15 | LISA MARIE RODRIGUEZ, an individual | Case No.    5:20-cv-1856 |

16 |                                      | ASSIGNED FOR ALL PURPOSES TO JUDGE |

17 |         Plaintiff,                   | |

18 |    vs.                               | **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

19 | AMAZON.COM INC., a Delaware corporation, DBA AMAZON; AMAZON.COM SERVICES, LLC, a | **[28 U.S.C. §§ 1332, 1441, 1446]** |

20 | Delaware Limited Liability Company, DBA AMAZON; AMAZON LOGISTICS, INC., a Delaware | Complaint Filed:  June 1, 2020 (Riverside County Superior Court) |

21 | Corporation, DBA AMAZON; and DOES 1 through 10, inclusive, | |

22 |                                      | |

23 |         Defendants.                  | |

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                                    1.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF LISA MARIE RODRIGUEZ AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC. ("Defendants" or "Amazon") hereby remove the above-captioned action from the Superior Court for the State of California, County of Riverside to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, Riverside County. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On June 1, 2020, Plaintiff LISA MARIE RODRIGUEZ ("Plaintiff") filed an unverified Complaint for Damages including causes of action for violations of the California Fair Employment and Housing Act (FEHA) [Government Code §§ 12900-

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

2.

12996] in the Superior Court for the State of California, Riverside County: *LISA MARIE RODRIGUEZ, Plaintiff, vs. AMAZON.COM, INC., a Delaware Corporation; AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company; AMAZON LOGISTICS, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive, Defendants*, Case Number RIC2001762 (hereinafter the "Complaint").  Declaration of Alyssa S. Gjedsted in Support of Defendants' Notice to Federal Court of Removal of Civil Action From State Court ("Gjedsted Decl."), ¶ 2 at **Exhibit A**.

4.     Plaintiff's Complaint asserts six (6) purported causes of action for: (1) Disability Discrimination in Violation of Government Code § 12940, *et seq.* ("FEHA"); (2) Failure to Accommodate In Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (5) Retaliation in Violation of FEHA; and, (6) Wrongful Termination in Violation of Public Policy. Gjedsted Decl., ¶ 2 at **Exhibit A**. Plaintiff's prayer for relief includes prayers for:

      a.  General damages;

      b.  Special damages;

      c.  Consequential and incidental damages;

      d.  Economic damages, including loss of past and/or future earnings;

      e.  Emotional distress damages;

      f.  Punitive and exemplary damages;

      g.  Attorneys' fees;

      h.  Prejudgment interest;

      i.  Costs of suit;

      j.  Experts' costs and fees; and,

      k.  Other such relief.

*See* Compl., Prayer for Relief, ¶¶ 1-11.

5.     On June 1, 2020, along with the Complaint (Exhibit A), Plaintiff filed a Summons, Civil Case Cover Sheet, and Certificate of Counsel.  Gjedsted Decl., ¶ 3, at

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                                    3.

**Exhibits B-D.**

6.     On June 23, 2020, a Notice of Case Management Conference and a Notice of Department Assignment, assigning the matter to the Honorable Judge Daniel A. Ottolia in Department 4, were issued by the Clerk of the Court.  Gjedsted Decl., ¶ 4, at **Exhibit E**.

7.     On August 10, 2020, Plaintiff served on Defendants the Complaint (Exhibit A); Summons (Exhibit B), Civil Case Cover Sheet (Exhibit C), Certificate of Counsel (Exhibit D) and a Notice of Case Management Conference and Department Assignment (Exhibit E).  Gjedsted Decl., ¶ 5 at **Exhibit E**.

8.     On August 10, 2020, Plaintiff effected service on Defendant Amazon Logistics, Inc. of the aforementioned documents.  Gjedsted Decl., ¶ 6, at **Exhibit G.**

9.     On August 19, 2020, a Proof of Service of Summons was filed with the Court reflecting service on Defendant Amazon.Com Services, LLC on August 10, 2020 of the aforementioned documents.  Gjedsted Decl., ¶ 7, at **Exhibit H.**

10.     On August 19, 2020, a Proof of Service of Summons was filed with the Court reflecting service on Defendant Amazon.Com, Inc. on August 10, 2020 of the aforementioned documents.  Gjedsted Decl., ¶ 8, at **Exhibit I**.

11.     On September 8, 2020, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court for the State of California, Riverside County.  Gjedsted Decl., ¶ 9, at **Exhibit J**.

12.     To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, Riverside County or served by any party other than as described above.  Gjedsted Decl., ¶ 10.  The Attachment of Exhibits "A" through "J" satisfies the requirements of 28 U.S.C. section 1446(a).  *See* Gjedsted Decl., ¶¶ 1-9.

## INDIVIDUAL & DOE DEFENDANTS

13.     No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been

NOTICE TO FEDERAL COURT
OF REMOVAL

4.

1   identified or served.  As such, they need not join or consent in this Notice of Removal

2   and are to be disregarded for the purpose of removal.  28 U.S.C. § 1441(a); *Salveson*

3   *v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named

4   defendants not yet served in state court action need not join in notice of removal).

5                                **TIMELINESS OF REMOVAL**

6          14.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), the

7   notice of removal of a civil action must be filed within 30 days after service of the

8   summons and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526

9   U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the

10  summons and complaint; receipt of summons and complaint is insufficient to trigger

11  removal period).  On August 10, 2020, the Complaint and Summons were served on

12  Defendants.  As Defendants filed this Notice of Removal within 30 days of service of

13  the summons and complaint, this Notice of Removal is timely as a matter of law.

14                                **DIVERSITY JURISDICTION**

15         15.    The diversity of citizenship statute provides in pertinent part that "[t]he

16  district courts shall have original jurisdiction of all civil actions where the matter in

17  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

18  is between– (1) citizens of different States . . . ."  28 U.S.C. § 1332(a).

19         16.    "Any civil action" commenced in state court is removable if it might

20  have been brought originally in federal court.  *See* 28 USC § 1441(a).  Any case that

21  could have been commenced in federal court based on diversity of citizenship can be

22  removed from state court on this ground.  *See* 28 U.S.C. § 1441(b).  In order to

23  remove a case to federal court on diversity grounds, two basic elements must be

24  satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and

25  Defendant must be "citizens" of different states; and (2) the amount in controversy

26  must exceed $75,000.  *See* 28 U.S.C. § 1332.

27         17.    This action is a civil action over which this Court has original

28  jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                                         5.

Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

**A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

**Plaintiff Is A Citizen Of The State Of California.**

18.   Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).   A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

19.   At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California.   Plaintiff alleges that she was at all relevant times, and is, a resident of Los Angeles County.   Compl., ¶ 5; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).   Thus, Plaintiff, by her own admission, is a citizen of the State of California.

**Defendants Are Not Citizens Of The State Of California.**

20.   For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

6.

place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

21.     In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company.  *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.")

22.     Defendants Amazon.Com Services, LLC, Amazon Logistics, Inc., Amazon.Com, Inc. are not state officials, nor are they governmental entities. Declaration of Zane Brown in Support of Defendants' Notice of Removal to Federal Court ("Brown Decl."), ¶ 2.

23.     **Defendant Amazon.Com Services, LLC**:  Defendant Amazon.Com Services, LLC was at the time of filing this action, and remains, a limited liability company incorporated under the laws of the State of Delaware. Brown Decl., ¶ 3. Amazon.Com Services, LLC's sole member is Amazon.Com Sales, Inc. Brown Decl., ¶ 4.  Amazon.Com Sales, Inc. is incorporated in the State of Delaware.  *Id*. Amazon.Com Sales, Inc.'s principal place of business is Seattle, Washington.  *Id*. Key executives of Amazon.Com Sales, Inc., including all of its directors and most of its officers, are based out of Seattle, Washington. *Id*.  Seattle, Washington is also where Amazon.Com Sales, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control and coordination for its operations.  *Id*.  Therefore, Amazon.Com Services, LLC's sole member, Amazon.Com Sales, Inc. is a citizen of Washington and Delaware and, therefore, Amazon.Com Services, LLC is a citizen of Washington and Delaware.

24.     **Defendant Amazon Logistics, Inc.:**  Defendant Amazon Logistics, Inc.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

7.

is a wholly owned subsidiary of Amazon.Com, Inc. and is incorporated under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Brown Decl., ¶ 5. Defendant Amazon Logistics, Inc.'s corporate decisions, including operational, executive, administrative, and policymaking decisions were made in Seattle, Washington, even though it conducted business in California. *Id.* at ¶ 6. Key executives of Amazon Logistics, Inc., including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id.* Seattle, Washington is also where Defendant Amazon Logistics, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control and coordination for its operations. *Id.* Under the applicable standard, Amazon Logistics, Inc.'s principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

25. **Defendant Amazon.Com, Inc.:** Defendant Amazon.Com, Inc. is the parent company for Defendants Amazon.Com Services, LLC and Amazon Logistics, Inc. Brown Decl., ¶ 7. Defendant Amazon.Com, Inc. is incorporated under the laws of the State of Delaware and maintains a principal place of business in Seattle, Washington. *Id.* at ¶ 8. Key executives of Amazon.Com, Inc., including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id.* Seattle, Washington is also where Defendant Amazon.Com, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control, and coordination for its operations. *Id.* Under the applicable standard, Amazon.Com, Inc.'s principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

26. Defendants Does 1 through 100 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                8.

1    purposes of determining diversity jurisdiction and cannot destroy the diversity of

2    citizenship between the parties in this action.  *Newcombe v. Adolf Coors Co.,* 157 F.3d

3    686, 690-91 (9th Cir. 1998).

4         27.    Based on the foregoing, diversity is established between Plaintiff and

5    Defendants because Plaintiff and all Defendants are citizens of different states.

6                **B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

7         28.    Defendants need only show by a preponderance of the evidence (that it

8    is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional

9    minimum.  *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir.

10   1996).  Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a),

11   a defendant seeking to remove a case to federal court need only file "a notice of

12   removal 'containing a short and plain statement of the grounds for removal.'"  *Dart*

13   *Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court

14   held that this language tracks the general pleading requirement stated in Rule 8(a) of

15   the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need

16   not contain evidentiary submissions."  *Id*. at 551, 553.  Defendants need to only

17   plausibly allege that the amount in controversy exceeds $75,000.  *Id*. ("the defendant's

18   amount-in-controversy allegation should be accepted when not contested by the

19   plaintiff or questioned by the court").  Here, the Court can reasonably ascertain from

20   the Complaint and its Prayer for Relief that the amount in controversy exceeds

21   $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

22   1997) ("The district court may consider whether it is facially apparent from the

23   complaint that the jurisdictional amount is in controversy." (internal citations and

24   quotations omitted)).

25        29.    Plaintiff's Complaint does not specify the amount that she seeks to

26   recover from Defendants in this action.  Plaintiff's Complaint seeks damages for

27   general and special damages, punitive damages, prejudgment interest, attorneys' fees

28   and costs of suit.  *See* Prayer for Relief, ¶¶ 1-11.  Although Defendants deny that they

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                                    9.

should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

30.     The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

31.     Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  Nevertheless, the amount in controversy as alleged by Plaintiff far exceeds the sum of $75,000.

**Lost Earnings and Benefits.**

32.     Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of income, earnings, salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation." Complaint, ¶¶ 40, 47, 54, 61, 67, 75; Prayer for Relief, ¶ 1-4. Plaintiff was formerly employed by Amazon as a Fulfillment Associate, earning $12.65 per hour at the beginning of her employment.  Declaration of Brian Hardin in Support of Defendants' Notice of Removal ("Hardin Decl."), ¶ 3.  Her employment with Amazon ceased on April 16, 2019.  *Id.*  At the time of her separation from employment, she was earning $15.00 an hour. *Id.* In the six (6) months of her employment, she earned approximately $13,156.00, exclusive of health and welfare

NOTICE TO FEDERAL COURT
OF REMOVAL
10.

benefits and without quantifying Plaintiff's alleged loss of future employment and/or promotional opportunities. *Id*. Although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost income for the equivalent of one year of earnings, which is a conservative estimate, Plaintiff could recover $26,312.00 (based on 2,080 hours per year) in back pay.

33.     In addition, Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendants. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case would total at least an additional $26,312.00.

34.     Thus, Plaintiff could recover approximately $50,000 in compensatory damages, exclusive of health and welfare benefits. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy).

**General Damages**

35.     The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

36.     Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL

11.

conduct, she "sustained and continues to suffer emotional distress and related emotional trauma, pain and suffering, personal injury, personal inconvenience, sickness and illness, etc. . . ." Complaint ¶¶ 41, 48, 55, 62, 68, 76; Prayer for Relief ¶¶ 1, 5. Though Defendants dispute that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

37.     Similarly, in *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980.   Based on the conservative estimate from *Kroske*, here, Plaintiff could conservatively recover emotional distress damages in an amount of $25,000.00, the approximate equivalent of one year of wages, for her alleged emotional distress.

38.     Based on Plaintiff's allegations of severe mental anguish due to the alleged discrimination, failure to accommodate and retaliation, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is, at a minimum, $25,000.00.

**Punitive Damages**

39.     Plaintiff also seeks an award of punitive damages. *See* Complaint, Prayer for Relief, ¶ 6. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

40.     In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (*i.e.*, no more than nine-to-one) was appropriate when issuing an award of punitive damages. For instance, in *Wysinger v. Auto. Club of Southern California*, the court upheld punitive damages of $1 million in a FEHA discrimination/retaliation case, where the compensatory damages were $280,000. *Wysinger*, 157 Cal.App.4th 413 (2007). There, the Court noted that the award was less than four times the amount of compensatory damages, and, as such, "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages." *Id*. at 428-29.

41.     Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish an award under California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. In *Aucina v. Amoco Oil, Co.*, 871 F.Supp.332 (S.D. Iowa 1994), the defendant employer established the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334.     Further, numerous court decisions and jury verdicts demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff alleges failure disability discrimination and/or retaliation. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming punitive damages award of $1.9 million, an amount equivalent to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                                    13.

the compensatory damages award, where plaintiff alleged FEHA claims including disability discrimination and wrongful termination); *McGee v. Tucoemas Federal Credit Union*, 153 Cal.App.4th 1351 (2007)(jury verdict of $1.2 million in punitive damages where Plaintiff alleged FEHA claims including disability discrimination).

42.    Here, again assuming Plaintiff were to recover punitive damages in an amount approximately equal to one year of her alleged compensatory damages, Plaintiff would recover at least $26,312.00 for her alleged punitive damages.

43.    Thus, based on the combined total of Plaintiff's lost wages, emotional distress damages, and potential punitive damages alone, it can be reasonably ascertained that the amount in controversy is in excess of $75,000.

**Attorneys' Fees**

44.    Plaintiff also seeks attorneys' fees. Compl., Prayer for Relief, ¶ 7. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

45.    Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

46.    Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                                    14.

expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours.  Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015)  (citations omitted).  In fact, the attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be many times that amount.  *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000).  Thus, Plaintiff's attorneys' fees add, at the least, $30,000 to the amount in controversy, and in some cases, over $500,000.

47.    Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.  Specifically, based on the aforementioned conservative figures, Defendants estimate the amount in controversy to be at least $133,936.00 ($52,624 economic damages + $25,000 emotional distress + $26,312 punitive damages + $30,000 attorneys' fees).  *See, e.g., Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1445 (2002) (affirming judgment of $150,000 plus $249,245 in attorneys' fees in a matter alleging pregnancy discrimination and retaliation).

**Other Relief**

48.    Plaintiff's Complaint also seeks "such other and further relief as the court deems just and proper."  Compl., Prayer for Relief, ¶ 11.  Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy.  *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT
OF REMOVAL                      15.

1  damages" established that his case met the amount in controversy requirement even

2  though he pled in the complaint that he did not assert a claim in excess of $75,000).

3       49.     Because it is facially apparent from the Complaint and as set forth

4  above, Defendants have met their burden of establishing by a preponderance of the

5  evidence that the amount in controversy exceeds the jurisdictional minimum of

6  $75,000.

7  **<u>NOTICE TO PLAINTIFF AND STATE COURT</u>**

8       50.     Immediately following the filing of this Notice of Removal in the

9  United States District Court for the Central District of California, Eastern Division,

10  Defendants will arrange for notice of such filing to be given by the undersigned to

11  Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with

12  the Clerk of the Riverside County Superior Court.  Gjedsted Decl., ¶ 11.

13       WHEREFORE, having provided notice as required by law, the above-entitled

14  action should be removed from the Riverside County Superior Court to this honorable

15  District Court.

16  Dated:   September 9, 2020          Respectfully Submitted,

17

18                                   */s/ Alyssa S. Gjedsted*

19                                   MAGGY M. ATHANASIOUS
                                 ALYSSA S. GJEDSTED

20                                   LITTLER MENDELSON, P.C.
                                 Attorneys for Defendants,

21                                   AMAZON.COM, INC.,
                                 AMAZON.COM SERVICES, LLC,

22                                   AND AMAZON LOGISTICS, INC.

23

24

25

26

27

28

NOTICE TO FEDERAL COURT
OF REMOVAL     16.

*Lisa Marie Rodriguez v. Amazon.Com, Inc., et al*

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action.  My business address is: 633 W. Fifth Street, 63rd Floor, Los Angeles, CA  90071.

On September 9, 2020, I served the foregoing document(s) described as **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties as follows:

| | | |
|---|---|---|
| Todd H. Harrison, Esq.<br>Brennan S. Kahn, Esq.<br>Michael S. Walker, Esq.<br>PERONA, LANGER, BECK,<br>SERBIN & HARRISON, APC.<br>300 East San Antonio Drive<br>Long Beach, Ca 90807-0948 | Tel: (562) 426-6155<br>Fax (562) 490-9823<br>Email:<br>toddharrison@plblaw.com<br>brennankahn@plblaw.com<br>michaelwalker@plblaw.com | *Attorneys for*<br>*Plaintiff, Lisa*<br>*Marie Rodriguez* |

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA ELECTRONIC SUBMISSION)** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **(VIA ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

☐ **(VIA PERSONAL SERVICE)** I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the persons at the addresses listed above. (A confirmation document by the professional messenger service will be retained in our office.).

CERTIFICATE OF SERVICE                                    1.

*Lisa Marie Rodriguez v. Amazon.Com, Inc., et al*

☐ **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

☐ **(VIA FAX)**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 9, 2020 at Los Angeles, California.

Laura Aispuro
[Type or Print Name]                          [Signature]

CERTIFICATE OF SERVICE                          2.